ADR

E-FILING

DAVID M. GILMORE, #105429
dgilmore@gwvm.com
GILMORE, WOOD, VINNARD & MAGNESS
P.O. Box 28907
Fresno, CA 93729-8907
Telephone: (559) 448-9800
Facsimile: (559) 448-9899

Attorneys for PHL Variable Insurance Company

FILED
JUL 18 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARQUEZ BROTHERS INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. CV 12-03750 HRL<br><br>**COMPLAINT** |

PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and by way of its Complaint (the "Complaint") against Defendant. Marquez Brothers International, Inc. (the "Defendant") hereby states as follows:

**<u>JURISDICTIONAL STATEMENT</u>**

1. PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the State of California.

2. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California, with its principal place of business at 5801 Rue Ferrari, San Jose, California 95138.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a) as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the Defendant maintains its principal place of business and is subject to personal jurisdiction.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

4. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5. On or about February 1, 2009, Defendant submitted its Master Application for Phoenix Variable Universal Life Insurance in the face amount of One Million Three Hundred Thousand and 00/100 Dollars ($1,300,000.00) ("Application #1"). A true and exact copy of Application #1 is attached hereto as Exhibit A.

6. On or about February 1, 2009, Defendant submitted its Master Application for Phoenix Variable Universal Life Insurance in the face amount of Seven Hundred Seventy-Five Thousand Six Hundred and 00/100 Dollars ($775,600.00) ("Application #2"). A true and exact copy of Application #2 is attached hereto as Exhibit B.

7. On various dates on and after February 1, 2009, individual Life Insurance Applications for Defendant's employees were submitted to PHL. True and exact copies of said Life Insurance Applications are attached hereto and identified, collectively, as Exhibit C.

8. Thereafter, individual life insurance policies were issued by PHL on the lives of Defendant's employees, as follows:

| Policy Number | Insured | Effective Date |
|---|---|---|
| 11215605 | Marquez, Gloria | 3/6/2009 |
| 11215606 | Villanueva, David | 3/6/2009 |
| 11215607 | Marquez, Jaime | 3/6/2009 |
| 11215608 | Marquez, Maria | 3/6/2009 |

| | | |
|---|---|---|
| 11215609 | Marquez, Lydia | 3/6/2009 |
| 11215610 | Gift, John | 3/6/2009 |
| 11215611 | Marquez, Gustavo | 3/6/2009 |
| 11215612 | Marquez, Gustavo | 3/6/2009 |
| 11215613 | Marquez, Maria | 3/6/2009 |
| 11215614 | Marquez, Jaime | 3/6/2009 |
| 11215615 | Morales, Carlos | 3/6/2009 |
| 11215616 | De La Torre, Juan | 3/6/2009 |
| 11215617 | Maldonado, Jose | 3/6/2009 |
| 11215618 | Lara, Francisco | 3/6/2009 |
| 11215619 | De La Torre, Miguel | 3/6/2009 |
| 11215620 | Reynoso, Gladys | 3/6/2009 |
| 11215621 | Yentas, Alma | 3/6/2009 |
| 11215622 | Alcaraz, Sal | 3/6/2009 |
| 11215623 | Denman, George | 3/6/2009 |
| 11215625 | Seibenick, Peter | 3/6/2009 |
| 11215626 | Butler, Samuel | 3/6/2009 |
| 11215627 | Montes, Roberto | 3/6/2009 |
| 11215628 | Lara, Ana | 3/6/2009 |
| 11215629 | Lanzillo, James | 3/6/2009 |
| 11215630 | Marquez, Efrain | 3/6/2009 |
| 11215631 | Marquez, Amelia | 3/6/2009 |
| 11215632 | Kalil, Juan | 3/6/2009 |
| 11215651 | Marquez, Victor | 5/6/2009 |
| 11215652 | Jadeid, Sahar | 5/6/2009 |
| 11215653 | Plascencia, Yesenia | 5/6/2009 |
| 11215654 | Madrid, Emma | 5/6/2009 |
| 11215655 | Marquez, Martin | 6/6/2009 |
| 11215657 | Petzoldt, David | 6/6/2009 |
| 11215659 | Frias, Jesse | 3/6/2009 |
| 11215660 | Narayanan, Sathya | 3/6/2009 |
| | | |

9. Each of the individual life insurance policies was issued with an Enhanced Surrender Value Rider. A true and exact copy of an Enhanced Surrender Value Rider is attached hereto as Exhibit D.

10. On various dates between June 22, 2009 and August 30, 2010, the individual life insurance policies were surrendered. See spreadsheet entitled PHV Death, Lapse, and Surrender Report, a true and exact copy of which is attached hereto as Exhibit E.

11. As a result of the surrender of the various individual life insurance policies, PHL was required to pay, pursuant to the Enhanced Surrender Value Rider, an enhanced surrender value (the "Enhanced Surrender Value") to Defendant, the owner of

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

the individual life insurance policies.

12. Payment of the Enhanced Surrender Value was made to Defendant on each of the individual life policies and Plaintiff has otherwise performed all of its obligations under said policies.

13. PHL subsequently determined that a calculation error occurred in the determination of the Enhanced Surrender Value for the individual life insurance policies. See correspondence from PHL to Defendant dated May 17, 2011, a true and exact copy of which is attached hereto as Exhibit F.

14. The actual amount that should have been paid to Defendant upon the surrender of the individual life insurance policies was Nine Hundred Sixty-Eight Thousand Eight Hundred Eighty-Three and 81/100 Dollars ($968,883.81). See Exhibit F.

15. PHL has overpaid the Enhanced Surrender Value by the sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85).

16. PHL has duly demanded payment of said sum from Defendant, but, in breach of the contract, Defendant has failed and refused to pay any portion of said sum.

17. As the result of the aforesaid, there is due and owing to PHL from Defendant, the sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85), with interest thereon at the legal rate according to proof.

## SECOND CAUSE OF ACTION

**(Unjust Enrichment)**

18. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19. As a result of the surrender of the various individual life insurance policies, PHL was required to pay, pursuant to the Enhanced Surrender Value Rider, the Enhanced Surrender Value to Defendant, the owner of the individual life insurance policies.

20. Payment was made to Defendant on each of the surrendered individual life insurance policies in the total sum of One Million Nine Hundred Fifty-Four

Thousand Four Hundred Eighty-Seven and 66/100 Dollars ($1,954,487.66).

21. PHL subsequently determined that a calculation error occurred in the determination of the Enhanced Surrender Value for the individual life insurance policies.

22. The actual amount that should have been paid to Defendant upon the surrender of the individual life insurance policies was Nine Hundred Sixty-Eight Thousand Eight Hundred Eighty-Three and 81/100 Dollars ($968,883.81).

23. PHL has overpaid the Enhanced Surrender Value by the sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85).

24. Defendant has been unjustly enriched by its retention of the overpaid Enhanced Surrender Value in the aforesaid sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85), to which it is not entitled.

25. As a result, PHL has been damaged by said unjust enrichment of Defendant in an amount not less than Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85) plus interest at the legal rate.

**THIRD CAUSE OF ACTION**

**(Conversion)**

26. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, of this Complaint as if set forth fully herein.

27. Defendant has converted property belonging to PHL by wrongfully retaining the overpaid Enhanced Surrender Value in the aforesaid sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85), to which it is not entitled, and refusing to repay it to PHL, although repayment thereof has been duly demanded.

28. As a result, PHL has been damaged by Defendant's conversion of its property.

WHEREFORE, PHL demands judgment against Defendant as follows:

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907

1. In the sum of Nine Hundred Eighty-Five Thousand Six Hundred Three and 85/100 Dollars ($985,603.85), with interest accrued and accruing;

2. For counsel fees and costs; and

3. For such other and further relief as the Court may deem just and proper.

DATED: July 16, 2012

GILMORE, WOOD, VINNARD & MAGNESS

By: ______________________
David M. Gilmore
Attorneys for PHL Variable Insurance Company

GILMORE, WOOD, VINNARD & MAGNESS
A PROFESSIONAL CORPORATION
P.O. BOX 28907
FRESNO, CA 93729-8907