UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHL VARIABLE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br> v.<br><br>MARQUEZ BROTHERS INTERNATIONAL, INC.,<br><br>    Defendant.<br><hr><br>MARQUEZ BROTHERS INTERNATIONAL, INC.<br>    Third Party Plaintiff,<br> v.<br><br>ANDESA SERVICES INC.,<br><br>    Third Party Defendant. | Case No.: 12-CV-03750-LHK<br><br>ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT WITH PREJUDICE |

  PHL Variable Insurance Company ("PHL") filed the instant litigation against Marquez Brothers International, Inc. ("MBI"), alleging that PHL overpaid MBI by nearly $1 million for the surrender value of certain life insurance policies that PHL had issued MBI. *See* ECF No. 1. MBI in turn filed a third-party complaint against Andesa Services, Inc. ("Andesa"), alleging that Andesa breached its contract with PHL by making the erroneous calculations that led to the overpayment and that Andesa was required to indemnify MBI for the overpayment. *See* ECF No. 49. Before the Court now is Andesa's motion to dismiss MBI's third-party complaint. *See* ECF No. 53. MBI has

filed an opposition, *see* ECF No. 57, and Andesa has filed a reply, *see* ECF No. 58. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for resolution without a hearing and thus VACATES the January 23, 2014 hearing.  The Court also continues the January 23, 2014 case management conference to March 26, 2014 at 2 p.m. Having considered the briefing, the Court GRANTS Andesa's motion to dismiss with prejudice.

**I.     BACKGROUND**

The instant litigation stems from life insurance policies issued by PHL on the lives of MBI's employees. *See* ECF No. 1 ¶ 8. In February 2009, MBI filed a master application for universal life insurance with the face amount of $775,600. *Id.* ¶ 6. Thereafter, MBI's employees filed individualized life insurance applications to PHL. *Id.* ¶ 7. These policies were then issued. *Id.* ¶ 8. The policies were subject to an enhanced surrender value rider. *Id.* ¶ 9. The policies were surrendered between June 2009 and August 2010, and PHL was required to pay enhanced surrender value to MBI, the owner of the individual policies. *Id.* ¶¶ 10-11. PHL paid the enhanced surrender value, but later determined that a calculation error led PHL to overpay by $985,603.85. *Id.* ¶¶ 12-15. MBI contends that it relied on the surrender value and the amount that it received from PHL to terminate its deferred compensation plan with its employees and to compensate these employees for that termination. *See* ECF No. 49 ¶ 7.

On July 16, 2012, PHL brought the instant lawsuit against MBI for breach of contract, unjust enrichment, and conversion to recover this overpayment. *See* ECF No. 1. During discovery, MBI learned that the calculation error with respect to the surrender value was made by Andesa, which, pursuant to written agreements, provided administrative services to PHL and to employers to whom PHL issued life insurance policies. *See* ECF No. 49 ¶¶ 8-9. Andesa's agreement with PHL indicated that it would "perform all services with a high degree of professional care." *Id.* ¶ 9. On June 27, 2013, therefore, MBI filed a third-party complaint against Andesa, alleging that MBI was a third-party beneficiary of the PHL-Andesa contract and that contract was breached. *See* ECF No. 49.

On July 19, 2013, Andesa filed the instant motion to dismiss the third-party complaint. *See* ECF No. 53. In its motion, Andesa contends that (1) MBI is not a third-party beneficiary of the

PHL-Andesa contract and (2) the PHL-Andesa contract contains a mandatory arbitration clause. *Id.* MBI filed an opposition, contending that it was a third-party beneficiary and that under the circumstances of this case, arbitration would not be appropriate. *See* ECF No. 57. Andesa filed a reply. *See* ECF No. 58.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). A court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may

3

plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B.     Leave to Amend

If a court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a district court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Where those conditions are not present, a court generally grants leave to amend.

### III.    DISCUSSION

Andesa moves to dismiss on two grounds. First, it contends that "MBI is not a third-party beneficiary" to the PHL-Andesa contract. *See* ECF No. 53 at 2. Second, it contends that even if MBI is a third-party beneficiary, "MBI is subject to [the contract's] mandatory arbitration provision . . . ." *Id.*

As a threshold matter, Andesa and MBI agree that the PHL-Andesa contract contains a valid choice of law provision that requires application of Pennsylvania law to any substantive disputes regarding the contract. ECF No. 57-1 ¶ 18.1 ("This Agreement will be governed by and construed in all respects according to laws of the State of Pennsylvania."); ECF No. 57 at 5 n. 5; ECF No. 58 at 4 ("There appears to be no dispute that MBI's claim to the rights of a third-party beneficiary to the [PHL-Andesa contract] must be weighed under the laws of Pennsylvania . . . ."). Accordingly, the Court will now turn to the substantive questions and apply Pennsylvania law.

**A.     Third-Party Beneficiary Doctrine**

Under Pennsylvania law, "a party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti v. Weborg*, 530 Pa. 366, 372-73 (1992) (citations and emphasis omitted). The Court will consider whether MBI is a third party beneficiary to the Andesa-PHL contract under each of these two tests.

**1.     Express Third Party Beneficiary**

*Spires v. Hanover Fire Ins. Co.*, 364 Pa. 52, (1950), states the test for express third party beneficiaries. "To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract." *Spires*, 364 Pa. at 56-57 (emphasis in original).

MBI directs the Court to three provisions in the PHL-Andesa contract that it contends "express an intention that the third party be a beneficiary to whom the promisor's obligation runs in the contract itself." *Guy v. Liederbach*, 501 Pa. 47, 58 (1983). The three provisions are set forth below:

- "WHEREAS, both Andesa and Carrier [PHL] desire that Andesa provide Carrier, Producer and Policy Owner with certain administrative services," Third Party Administration and Transfer Agent Agreement ("TPAA"), ECF No. 53-1, pp. 5-29, at 1.
- "Computation of Policy Values. For each person insured, Andesa will compute policy values as set forth in the latest version of the Administrative System Specifications approved by Carrier and Andesa." TPAA 2.2.
- "Andesa will perform all services with a high degree of professional care." TPAA 4.

5
Case No.: 12-CV-03750-LHK
ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT

1    None of these three provisions express an intention that MBI, a "Policy Owner," be a beneficiary
2    of the contract. The third cited term, that Andesa will perform the services with professional care,
3    does not describe who benefits from Andesa's services—it merely states that Andesa will perform
4    the services well. The second term, which is most relevant to this motion because MBI alleges that
5    Andesa failed to correctly compute the policy value, requires Andesa, for each person insured (i.e.
6    MBI), to calculate the applicable policy value. Performance of this requirement runs from Andesa
7    to PHL, not to MBI. Moreover, this term is for PHL's benefit because PHL must track the
8    respective surrender values of its policies. MBI is thus merely an incidental beneficiary of PHL's
9    contract with Andesa, and not a third party beneficiary.

10   The analysis with respect to the "whereas" clause is the same. The "whereas" clause is
11   highly general. Although the clause states that Andesa will provide certain services to, among
12   others, policy owners like MBI, Andesa's performance is intended to benefit PHL. Andesa's ability
13   to provide administrative services like calculating policy values is central to PHL's business.
14   Further, "a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter
15   was within his contemplation at the time the contract was entered into and such liability was
16   intentionally assumed by him in his undertaking." *Spires*, 364 Pa. at 57. While policy owners like
17   MBI were certainly within the parties' contemplation at the time they entered into the agreement, it
18   is equally clear that Andesa did not intend to assume liability to all policy owners under this
19   contract. The contract merely describes the services to be rendered; it does not make Andesa liable
20   to any policy holder who is the victim of an administrative error. The TPAA supplies no language
21   other than vague references to Andesa providing services to policy owners to suggest that policy
22   owners were third party beneficiaries of the Andesa-PHL agreement. Accordingly, these references
23   do not rise to the level of an "express intention" that policy owners like MBI be third party
24   beneficiaries. *See Victoria Gardens Condo. Ass'n v. Kennett Twp. of Chester Cnty.*, 23 A.3d 1098,
25   1106-07 (Pa. Commw. Ct. 2011) (finding that "[t]he terms of the Construction Agreement clearly
26   indicate that both Developer and the Township entered into the contract to serve their own
27   interests; there is absolutely no indication of their intention to benefit any other party.").
28

6

Case No.: 12-CV-03750-LHK
ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT

Andesa relies on the Declaration of Mark Wilkin, its Chief Financial Officer, as extrinsic evidence of Andesa's intent in entering into the contract. As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Furthermore, under Pennsylvania law, "it is well settled that the fundamental rule in construing the provisions of a contract is to ascertain and to give effect to the intention of the parties. *Empire Sanitary Landfill v. Riverside School District*, 739 A.2d 651, 654 (Pa. Commw. Ct. 1999). If the contract terms are clear and unambiguous, the intention of the parties must be ascertained from the document itself. *Id.* This Court's inquiry should focus on what the agreement itself expressed, and not on what the parties may have silently intended. *Id.* It is not appropriate, under the guise of contract construction, to alter the terms to which the parties expressly agreed, whether in wisdom or folly." *Boro Const., Inc. v. Ridley Sch. Dist.*, 992 A.2d 208, 214 (Pa. Commw. Ct. 2010) (citations corrected). Therefore, "[o]nly where a contract's language is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties." *Murphy v. Duquesne Univ. Of The Holy Ghost*, 565 Pa. 571, 591 (2001). The Andesa-PHL contract's terms are clear and unambiguous, so the Court's task, rather than deny the motion to dismiss or consider parol evidence, is to determine whether those clear and unambiguous contract terms express an intention for MBI to be a third party beneficiary. The Court has determined that, with respect to the term that MBI alleges Andesa breached—performing the computation of policy value with a high standard of care—MBI is not a third party beneficiary.

**2. Implied Third Party Beneficiary**

Under Pennsylvanian law, a party is an implied third party beneficiary if "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and . . . the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Scarpitti v. Weborg*, 530 Pa. 366, 373 (1992). Here there are no such compelling circumstances, nor do "the circumstances indicate that [Andesa] (the promisee) intended to give [MBI] the benefit of the promised performance." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 168 (3d Cir. 2008) (applying Pennsylvania law) (internal

quotations and alterations omitted). As analyzed in detail above, the contract does not indicate that Andesa intended to give MBI the benefit of the promised performance. Rather, the benefit ran to PHL, with policy owners like MBI benefiting incidentally from Andesa's performance to PHL. Moreover, MBI does not contend that any other circumstances compel the Court to find that MBI was a third party beneficiary. *Cf. Scarpitti v. Weborg*, 530 Pa. 366, 373, 609 A.2d 147, 151 (1992) (homeowners reasonably relied on architect and developers' representations pursuant to the contract); *R.J. Longo Const. Co., Inc. v. Transit Am., Inc.*, 921 F. Supp. 1295, 1309 (D.N.J. 1996) (applying Pennsylvania law, third party was "the ultimate intended donee beneficiary" of the promise"); *Mylan, Inc. v. Zorich*, 2:12-CV-80, 2012 WL 527662, at *6-10 (W.D. Pa. Feb. 16, 2012) (entire purpose of consulting agreement was to benefit third party).

### B.     Leave to Amend

MBI does not request leave to amend its third party complaint. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The Court finds that any amendment would be futile. This motion to dismiss presents a pure question of law based on the interpretation of a contract. MBI provided the full text of the contract to the Court, and this Court found above that the contract terms were clear and unambiguous, thus removing any need for parol evidence. Accordingly, the Court DENIES leave to amend.

### C.     Arbitration Clause

Because the Court finds that MBI is not a third party beneficiary to PHL and Andesa's contract, the Court does not reach Andesa's argument that any dispute over the contract should be submitted to arbitration.

### IV.    CONCLUSION

For the reasons stated above, Andesa Services, Inc.'s Motion to Dismiss Third-Party Complaint is GRANTED with prejudice.

8

Case No.: 12-CV-03750-LHK
ORDER GRANTING MOTION TO DISMISS THIRD-PARTY COMPLAINT

1   **IT IS SO ORDERED.**

3   Dated: January 17, 2014

                                                    LUCY H. KOH
                                                    United States District Judge

*United States District Court*
*For the Northern District of California*